### KRIDEL et al. v. BLOOMINGDALE.

(Supreme Court, Appellate Division, First Department. March 8, 1912.)

BROKERS (§ 72*)—AGREEMENT TO CARRY STOCK—TENDER—RIGHT OF ACTION.

     Where a broker by agreement with a customer which did not prescribe any time within which a sale should be made carried stock on the customer's account for more than five years, and then made a tender of it, the customer was bound to accept his share of the stock and pay his share of the carrying charges, since a reasonable time had elapsed before the tender.

     [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 57, 58; Dec. Dig. § 72.*]

Appeal from Trial Term, New York County.

Action by Samuel Kridel and another, as executors of Abraham M. Kridel, deceased, against Emanuel W. Bloomingdale. From a judgment and order dismissing the complaint, plaintiffs appeal. Judgment and order reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Barnett L. Hollander, for appellants.

William F. Goldbeck (Edward D. Brown, on the brief), for respondent.

LAUGHLIN, J.   The action is brought to recover the sum of $24,000, alleged to have been expended by the plaintiffs' testator for the defendant under an agreement by which he undertook to receive and carry for the defendant 200 shares of the preferred stock of the Hudson Companies, a domestic corporation.   It is alleged that the stock was received by the decedent and carried for the account of the defendant pursuant to the agreement from the 20th day of February, 1906, until the 19th day of July, 1911, and was then duly tendered to the defendant, who refused to pay said amount advanced thereon and to accept the stock, and that the tender has been kept good, and judgment is demanded for the amount so expended together with interest thereon.

The defendant admitted that on or about the 20th day of February, 1906, the testator received 200 shares of the preferred stock of the Hudson Companies, and that on or about the 19th day of July, 1911, plaintiffs tendered to defendant 200 shares of the stock of said companies, and demanded payment of the sum of $24,000, claimed to have been advanced thereon by the testator and by them for the account of the defendant, and that he refused to make the payment and to accept the stock.   Upon the trial the plaintiffs showed that on the 20th day of February, 1906, the defendant received a check to his order from the firm of J. Kridel Sons & Co., of the same date, for the amount of $28,750, which he cashed, and drew a check to the order of the firm of Karvey, Fisk & Sons, Bankers, for the same amount, and received therefor 500 shares of the stock of the Hudson Companies, and delivered the same to the testator, who on the 15th day of August, 1907, paid a 25 per cent. call on the stock, aggregating the sum of $12,500, and a like amount on the 4th day of November, 1907, as a final call on the stock, together with the sum of $150, interest thereon, and on the trial the plaintiffs tendered 200 of the 500 shares of stock to the defendant, which the defendant declined. The agreement under which this stock was delivered to the testator, and under which he held it, was shown by a letter written by defendant to the testator on the 20th day of February, 1906, which states that it was understood that of the said 500 shares of the Hudson Company's stock, indorsed by defendant in blank and delivered to the testator, one-half of the purchase price of which had been paid, the testator was carrying 200 shares for the account and risk of the defendant and the balance for his own account and risk "accounting to be made when transaction is closed," and the testator was therein requested to let defendant know if that was in accordance with his understanding, and a letter from the testator to defendant the next day stating that it was understood that of the 500 shares of the Hudson Company's stock delivered to him 200 shares belonged to the account and risk of the defendant, and that the balance belonged to the testator, and "that at the time of selling the accounting will be

made by you, with interest added." The plaintiffs thereupon rested, and on motion of counsel for the defendant their complaint was dismissed for inadequacy of proof.

The learned counsel for the defendant contends that there was no liability on the part of the defendant, for the reason that it was neither alleged nor shown that the stock had been sold. We are of opinion that this contention cannot prevail. There was no obligation on the part of the plaintiffs' testator to carry the stock indefinitely. The contract did not prescribe a period within which the stock should be sold, or the terms on which the sale should be made. The stock was carried by plaintiffs' testator, and by the plaintiffs, for a period of more than five years, and therefore a reasonable time had elapsed before the tender, and it became the duty of the defendant to accept his share of the stock and to pay his proportionate share of the carrying charges. The plaintiffs, therefore, established a prima facie case and the court erred in dismissing the complaint.

It follows that the judgment and order should be reversed and a new trial granted, with costs to appellants to abide the event. All concur.